One year (50 issues) Payable in Advance........$15.00
Single Numbers ................................. .35

When cash is mailed to us in advance
20 per cent discount

**THE LAW ABSTRACT COMPANY**

Office Editorial Rooms and Library

13916 Euclid Avenue, Cleveland, O.

Address all mail communications to

P. O. Box 2455, East Cleveland Sta.

## JUDGE HOUCK FOR RE-ELECTION

We are pleased to learn of the candidacy of Judge Lewis B. Houck of Mount Vernon, Ohio for re-election as a judge of the Court of Appeals of the Fifth Appellate District of Ohio.

During his service on the bench he has met and discharged his every duty with credit to himself and honor to bench and bar.

His high character, judicial ability and courteous demeanor to lawyers and litigants have made him one of the outstanding Appellate Judges in Ohio.

Every member of the Knox county Bar, the home county of Judge Houck, irrespective of party affiliation, has endorsed his candidacy for re-election to the Appellate Court Bench.

(Continued from Page 197)
No. 255
STATE ex v. CUYAHOGA CO.
(Bd. of Comm.) et
No. 19625. Supreme Court

On motion to certify. Dock. Feb. 15, 1926; 4 Abs. 128.

**969. PUBLIC CONTRACTS**—If a contractor, in addition to submitting a bona fide bid for the improvement of a public road, (1053) also submits under another's name a bid lower than actual cost for the purpose of eliminating competing contractors, and such bid is accepted, is the contract void?

The State of Ohio on the relation of Genevieve Frey brought this suit originally in the Cuyahoga Common Pleas against the County Commissioners of Cuyahoga County, the Andrews Asphalt Paving Co., and the Cleveland Trinidad Paving Co. to invalidate a certain contract for the improvement of a county road.

It appears that several bids were submitted to the County Commissioners by various contractors for the surfacing of a certain county road. The Trinidad Co. submitted its bid and also submitted a bid under the name of The Andrews Asphalt Paving Co. which was below the actual cost of the improvement to be made, for the purpose of eliminating the possibility of any competitor receiving the contract.

The judgment of the Common Pleas held the contract to be valid and this judgment was affirmed by the Appeals.

Frey, in the Supreme Court, contends that the contract should be declared invalid on the theory that it is contrary to public policy because such a tendency would stifle and limit competition and should therefore be stamped with disapproval by any court.

**Attorneys**—W. D. Meals for Frey; E. C. Stanton, for Commissioners; both of Cleveland.

---

## THIS WEEK'S DIGEST
## Cases Published in the Abstract

**27. APPEALS.**

Where an answer (923) in action to recover possession of real estate (997) sets up ownership, and requests quitting of title and cross demands over which chancery (460) has jurisdiction, the issues make a cause which is appealable. Lust v. Farmer's Bank. OS. 4 Abs. 194.

**31. ADMISSIONS.**

Declarations and admissions against interest made to others than a party to the action by a person since deceased, should receive consideration of court and be admitted in evidence in proving an agreement. Stephens v. Seaboard Nat. Bk. OA. 4 Abs. 190.

**147. BILLS AND NOTES.**

Where defendant signs note thinking it to be and it is represented to be an instrument of another character; is he liable in absence of negligence on his part? Gross v. Ohio Sav. & Tr. Co. OS. Pend. 4 Abs. 196.

**209. CARRIERS.**

When consignor and carrier agree upon terms of damages when consignment is reshipped due to negligence of company, and later such shipment is resold by consignor, company cannot dispute such action and is liable to consignor under the agreement. Penna. R. R. Co. v. Ault Wood Co., OA. 4 Abs. 190.

**225. CHARGE TO JURY.**

Where self-defense is pleaded it is error for the trial judge to charge that the evidence (480) adduced must be, that the defendant was actually in danger of his life and not that he thought that he so was. Marcoguisepe v. State. OS. 4 Abs. 194.

1. Provisions of 11447 GC., respecting giving instructions to jury (693) before argument in civil cases, are mandatory.

2. Where the issue in a damage suit for negligence (829) is made by way of general denial and also by averments of (923) contributory negligence, trial court should submit such issues to jury if evidence offered raises inference of such negligence. Cincin. Trac. Co. v. Kroger. OS. 4 Abs. 194.

**297. CONTRACTS.**

1. No action will lie upon a contract cancelled by mutual agreement because of illness of a party concerned, where it is provided that the contract may be cancelled without damages for such cancellation.

2. Where there is an express contract between the parties, none will be implied. Gafney v. Wagner et. OA. 4 Abs. 189.

**313. CORPORATIONS.**

Mortgages executed by a corporation subsequent to cancellation of articles of incorporation are valid, the theory being that it remains a corporation de jure until proceedings are brought under 5513 GC. and judgment of ouster entered thereunder. Eversman v. Shipman Co. OA. 4 Abs. 187.

1. Foreign Corporation for special purpose may engage in business in Ohio, upon registration, if Ohio Statutes (1104) permit incorporation for same purpose.

2. Acts in Ohio, performed before registration, not void.

3. A Tobacco grower's co-operative association not a trust (1197) in restraint of trade.

4. Contracts (287) made by such association (109) not illegal. List v. Burley Tob. Growers. OS. 4 Abs. 194.

**316. COUNCIL.**

1. Awarding contract involving expenditure of money must be by ordinance, unless prior thereto, such expenditure was authorized by ordinance.